# UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED

SEP 0 7 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Search of | ) |
| A white iPhone with IMEI #359409086621026, CURRENTLY LOCATED AT 3255 W. March Lane, Suite #220, Stockton, CA | ) ) ) ) ) ) |

Case No.

**2:18 - SW - 0 7 6 1    CKD**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached and incorporated by reference.**

located in the _____ Eastern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC §§ 371, 922(a)(1)(A), 922(g)(1); 21 USC 5861(d) | Conspiracy to conduct a federal offense; Dealing firearms without a license; Being a felon in possession of a firearm; Possessing an unregistered firearm |

The application is based on these facts:

**SEE AFFIDAVIT, attached and incorporated by reference.**

☐ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

ATF Special Agent Austin Kern
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/7/2018

_____
*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

1  McGREGOR W. SCOTT
   United States Attorney
2  AMANDA BECK
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  In the Matter of the Search of:          CASE NO.

12  A white iPhone with IMEI #359409086621026,   AFFIDAVIT IN SUPPORT OF AN APPLICATION
    CURRENTLY LOCATED AT 3255 W. March       UNDER RULE 41 FOR A WARRANT TO
13  Lane, Suite #220, Stockton, CA           SEARCH DEVICE

14

15

16      1.      I, Austin Kern, being first duly sworn, hereby depose and state as follows:

17          I.      **INTRODUCTION AND AGENT BACKGROUND**

18      2.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of

19  Criminal Procedure for a search warrant authorizing the examination of property—an electronic

20  device—which is currently in law enforcement possession, and the extraction from that property of

21  electronically stored information described in Attachment B.

22      3.      I am a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives

23  (ATF) and have been since April 10, 2016. Previous to my employment as a Special Agent, I was

24  employed as a Postal Inspector with the United States Postal Inspection Service for approximately eight

25  months and as a Police Officer with the City of Brentwood Police Department in Tennessee for

26  approximately five years. During my employment with ATF, I have participated in training and

27  investigations related to the possession and manufacture of firearms in violation of Titles 18 and 26 of

28  the United States Code as well as the possession and distribution of controlled substances in violation of

AFFIDAVIT                                    1

1  Title 21 of the United States Code.  Based on such trainings and investigations, as well as discussions

2  with other law enforcement personnel, I have become familiar with the methods used by firearms and

3  narcotics traffickers to smuggle, safeguard, and store firearms and narcotics.  I have also become

4  familiar with various investigative techniques, including surveillance, interviews, and the execution of

5  search and arrest warrants.  Throughout my law enforcement career, I have attended trainings and

6  conducted investigations relating to criminal street gangs, violent crimes, firearms, controlled

7  substances, and other areas of law enforcement.

8      4.      The facts set forth in this affidavit are based upon my personal investigation, my training

9  and experience, and information obtained in conversations I had with other law enforcement agents and

10  officers knowledgeable about this case.  This affidavit is intended to show only that there is sufficient

11  probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

12              **II.      IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

13      4.      The property to be searched is a white iPhone with IMEI #359409086621026, hereinafter

14  the "Device."  The Device is currently located at 3255 W. March Lane, Suite #220, Stockton, CA.

15      5.      The applied-for warrant would authorize the forensic examination of the Device for the

16  purpose of identifying electronically stored data particularly described in Attachment B.

17              **III.      PROBABLE CAUSE**

18      5.      ATF agents and others arrested Christian Carlos OROZCO on May 9, 2018.  They did so

19  pursuant to an arrest warrant issued by the Honorable Allison Claire.  *See United States v. Christian*

20  *Orozco, et. al.* (2:18-cr-104 KJM), Dkt. #20.

21      6.      On May 31, 2018, a federal Grand Jury issued an indictment charging OROZCO with

22  conspiring to deal firearms without a license, a violation of 18 U.S.C. § 371; dealing firearms without a

23  license, a violation of 18 U.S.C. § 922(a)(1)(A); eight counts of being a felon in possession of a firearm,

24  violations of 18 U.S.C. § 922(g)(1); and 17 counts of possessing an unregistered firearm, violations of

25  26 U.S.C. § 5861(d).

26      7.      During the five-month investigation leading to this arrest, an ATF undercover agent

27  purchased firearms from OROZCO on at least ten occasions.  The agent arranged each of these

28  transactions by calling or texting OROZCO at phone number (209) 420-4511.  For example, prior to a

AFFIDAVIT                                                    2

1   transaction on January 24, 2018, the undercover agent received text messages from OROZCO at (209)

2   420-4511. These messages advertised an AR rifle that was "brand new." OROZCO also texted a

3   photograph of the gun. When the agent met with OROZCO on January 24, 2018, he purchased an AR-

4   15 style rifle from OROZCO, who also showed the agent other photographs of firearms on his phone.

5        8.     On May 9, 2018, the undercover agent texted OROZCO at (209) 420-4511, and

6   OROZCO replied from this number. They agreed via text message to meet for lunch. After this

7   meeting, OROZCO drove away in a green Chevrolet Tahoe (CA license plate #4LQX064).

8        9.     Shortly thereafter, law enforcement officers executed a traffic stop on the Tahoe.

9   OROZCO was its sole occupant. After taking OROZCO into custody, ATF agents found both the

10  Device and a black wallet in the center console of the Tahoe. The wallet contained a California driver's

11  license issued to Christian Carlos Napoles OROZCO. They transported the Device and the wallet to the

12  Stockton ATF Field Office and entered into property.

13       10.     In a subsequent interview, OROZCO, who is a felon, admitted that he acquired and sold

14  firearms.

15       11.     The Device is currently in the lawful possession of the ATF. Therefore, while the ATF

16  might already have all necessary authority to examine the Device, I seek this additional warrant out of

17  an abundance of caution to be certain that an examination of the Device will comply with the Fourth

18  Amendment and other applicable laws.

19                        **IV.**     **TECHNICAL TERMS**

20       12.     Based on my training and experience, I use the following technical terms to convey the

21  following meanings:

22       a)     Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is

23                 a handheld wireless device used for voice and data communication through radio signals.

24                 These telephones send signals through networks of transmitter/receivers, enabling

25                 communication with other wireless telephones or traditional "land line" telephones. A

26                 wireless telephone usually contains a "call log," which records the telephone number,

27                 date, and time of calls made to and from the phone. In addition to enabling voice

28                 communications, wireless telephones offer a broad range of capabilities. These

1    capabilities include: storing names and phone numbers in electronic "address books;"

2    sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and

3    storing still photographs and moving video; storing and playing back audio files; storing

4    dates, appointments, and other information on personal calendars; and accessing and

5    downloading information from the Internet.  Wireless telephones may also include global

6    positioning system ("GPS") technology for determining the location of the device.

7    b)    Digital camera:  A digital camera is a camera that records pictures as digital picture files,

8    rather than by using photographic film.  Digital cameras use a variety of fixed and

9    removable storage media to store their recorded images.  Images can usually be retrieved

10   by connecting the camera to a computer or by connecting the removable storage medium

11   to a separate reader.  Removable storage media include various types of flash memory

12   cards or miniature hard drives.  Most digital cameras also include a screen for viewing

13   the stored images.  This storage media can contain any digital data, including data

14   unrelated to photographs or videos.

15   c)    Portable media player:  A portable media player (or "MP3 Player" or iPod) is a handheld

16   digital storage device designed primarily to store and play audio, video, or photographic

17   files.  However, a portable media player can also store other digital data.  Some portable

18   media players can use removable storage media.  Removable storage media include

19   various types of flash memory cards or miniature hard drives.  This removable storage

20   media can also store any digital data.  Depending on the model, a portable media player

21   may have the ability to store very large amounts of electronic data and may offer

22   additional features such as a calendar, contact list, clock, or games.

23   d)    GPS:  A GPS navigation device uses the Global Positioning System to display its current

24   location.  It often contains records the locations where it has been.  Some GPS navigation

25   devices can give a user driving or walking directions to another location.  These devices

26   can contain records of the addresses or locations involved in such navigation.  The Global

27   Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites

28   orbiting the Earth.  Each satellite contains an extremely accurate clock.  Each satellite

AFFIDAVIT                                                    4

1 repeatedly transmits by radio a mathematical representation of the current time, combined

2 with a special sequence of numbers.  These signals are sent by radio, using specifications

3 that are publicly available.  A GPS antenna on Earth can receive those signals.  When a

4 GPS antenna receives signals from at least four satellites, a computer connected to that

5 antenna can mathematically calculate the antenna's latitude, longitude, and sometimes

6 altitude with a high level of precision.

7  e) PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for

8 storing data (such as names, addresses, appointments or notes) and utilizing computer

9 programs.  Some PDAs also function as wireless communication devices and are used to

10 access the Internet and send and receive e-mail.  PDAs usually include a memory card or

11 other removable storage media for storing data and a keyboard and/or touch screen for

12 entering data.  Removable storage media include various types of flash memory cards or

13 miniature hard drives.  This removable storage media can store any digital data.  Most

14 PDAs run computer software, giving them many of the same capabilities as personal

15 computers.  For example, PDA users can work with word-processing documents,

16 spreadsheets, and presentations.  PDAs may also include global positioning system

17 ("GPS") technology for determining the location of the device.

18  f) IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric

19 address used by computers on the Internet.  An IP address is a series of four numbers,

20 each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer

21 attached to the Internet computer must be assigned an IP address so that Internet traffic

22 sent from and directed to that computer may be directed properly from its source to its

23 destination.  Most Internet service providers control a range of IP addresses.  Some

24 computers have static-that is, long-term-IP addresses, while other computers have

25 dynamic-that is, frequently changed-IP addresses.

26  g) Internet: The Internet is a global network of computers and other electronic devices that

27 communicate with each other.  Due to the structure of the Internet, connections between

28 devices on the Internet often cross state and international borders, even when the devices

AFFIDAVIT                                5

1    communicating with each other are in the same state.

2        13.    Based on my training, experience, and research, I know that the Device has capabilities

3    that allow it to serve as a wireless telephone, a digital camera, a portable media player, a GPS navigation

4    device, a PDA, and a computer that can access the Internet.  In my training and experience, examining

5    data stored on devices of this type can uncover, among other things, evidence that reveals or suggests

6    who possessed or used the device.

7    

**V.**    **ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

8        14.    Based on my knowledge, training, and experience, I know that electronic devices can

9    store information for long periods of time.  Similarly, things that have been viewed via the Internet are

10    typically stored for some period of time on the device.  This information can sometimes be recovered

11    with forensics tools.

12        15.    Forensic evidence.  As further described in Attachment B, this application seeks

13    permission to locate not only electronically stored information that might serve as direct evidence of the

14    crimes described on the warrant, but also forensic evidence that establishes how the Device was used,

15    the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic

16    electronic evidence might be on the Device because:

17        a)    Data on the storage medium can provide evidence of a file that was once on the storage

18        medium but has since been deleted or edited, or of a deleted portion of a file (such as a

19        paragraph that has been deleted from a word processing file).

20        b)    Forensic evidence on a device can also indicate who has used or controlled the device.

21        This "user attribution" evidence is analogous to the search for "indicia of occupancy"

22        while executing a search warrant at a residence.

23        c)    A person with appropriate familiarity with how an electronic device works may, after

24        examining this forensic evidence in its proper context, be able to draw conclusions about

25        how electronic devices were used, the purpose of their use, who used them, and when.

26        d)    The process of identifying the exact electronically stored information on a storage

27        medium that are necessary to draw an accurate conclusion is a dynamic process.

28        Electronic evidence is not always data that can be merely reviewed by a review team and

AFFIDAVIT                         6

1  passed along to investigators. Whether data stored on a computer is evidence may

2  depend on other information stored on the computer and the application of knowledge

3  about how a computer behaves. Therefore, contextual information necessary to

4  understand other evidence also falls within the scope of the warrant.

5        e)     Further, in finding evidence of how a device was used, the purpose of its use, who used

6              it, and when, sometimes it is necessary to establish that a particular thing is not present on

7              a storage medium.

8       16.     Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the

9  warrant I am applying for would permit the examination of the device consistent with the warrant. The

10  examination may require authorities to employ techniques, including but not limited to computer-

11  assisted scans of the entire medium, that might expose many parts of the device to human inspection in

12  order to determine whether it is evidence described by the warrant.

13       17.     Manner of execution. Because this warrant seeks only permission to examine a device

14  already in law enforcement's possession, the execution of this warrant does not involve the physical

15  intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize

16  execution of the warrant at any time in the day or night.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

AFFIDAVIT             7

## VI.   CONCLUSION

18.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

_____
ATF Special Agent Austin Kern

Subscribed and sworn to before me on:   9/7/2018

_____
The Honorable Carolyn K. Delaney
UNITED STATES MAGISTRATE JUDGE

_____
Approved as to form by AUSA AMANDA BECK

AFFIDAVIT                                                8

## ATTACHMENT A

The property to be searched is a white iPhone with IMEI #359409086621026, hereinafter the "Device." The Device is currently located at 3255 W. March Lane, Suite #220, Stockton, CA.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

1.      The "Target Offenses" are:

    a.      18 U.S.C. § 371:  Conspiracy to conduct a federal offense

    b.      18 U.S.C. § 922(a)(1)(A):  Dealing firearms without a license

    c.      18 U.S.C. § 922(g)(1):  Being a felon in possession of a firearm, and

    d.      26 U.S.C. § 5861(d):  Possessing an unregistered firearm

2.      All records on the Device described in Attachment A that relate to the Target Offenses, that involve Christian Carlos OROZCO, and that were created or accessed since January 11, 2018. These records include:

    a.      Incoming call history;

    b.      Outgoing call history;

    c.      Missed call history;

    d.      Outgoing text messages;

    e.      Incoming text messages;

    f.      Draft text messages;

    g.      Telephone book or contacts;

    h.      Data screens or files identifying the telephone number associated with the mobile telephone searched;

    i.      Data screens, files, or writing containing serial numbers or other information that identifies the mobile phone searched;

    j.      Voicemail;

    k.      Email;

    l.      User-entered messages (such as to-do lists);

    m.      Photographs;

    n.      Videos;

    o.      Audio files;

p.    And any others that contain:

    i.      lists of customers and related identifying information;

    ii.     types, numbers, and prices of firearms trafficked as well as dates, places, and amounts of specific transactions;

    iii.    any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information);

    iv.    any information recording OROZCO's schedule or travel from January 11, 2018, to May 9, 2018;

    v.     all bank records, checks, credit card bills, account information, and other financial records.

3.    Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

In the Matter of the Search of )
)
A white iPhone with IMEI #359409086621026, )   Case No.   **2 1 8 - SW - 0 7 6 1**   **CKD**
CURRENTLY LOCATED AT 3255 W. March Lane, )
Suite #220, Stockton, CA )
)

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____Eastern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

## SEE ATTACHMENT A, attached and incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

## SEE ATTACHMENT B, attached and incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____**9/21/2018**_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern
District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: ____**9/7/2018  11:34am**____ _Carolyn K. Delaney_
                                                                                                _Judge's signature_

City and state:     Sacramento, California _____     ___Carolyn K. Delaney, U.S. Magistrate Judge___
                                                                                                *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| | **Return** | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____
Signature of Judge                                        Date

## ATTACHMENT A

The property to be searched is a white iPhone with IMEI #359409086621026, hereinafter the "Device." The Device is currently located at 3255 W. March Lane, Suite #220, Stockton, CA.


This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.    The "Target Offenses" are:

    a.    18 U.S.C. § 371:  Conspiracy to conduct a federal offense

    b.    18 U.S.C. § 922(a)(1)(A):  Dealing firearms without a license

    c.    18 U.S.C. § 922(g)(1): Being a felon in possession of a firearm, and

    d.    26 U.S.C. § 5861(d): Possessing an unregistered firearm

2.    All records on the Device described in Attachment A that relate to the Target Offenses, that involve Christian Carlos OROZCO, and that were created or accessed since January 11, 2018. These records include:

    a.    Incoming call history;

    b.    Outgoing call history;

    c.    Missed call history;

    d.    Outgoing text messages;

    e.    Incoming text messages;

    f.    Draft text messages;

    g.    Telephone book or contacts;

    h.    Data screens or files identifying the telephone number associated with the mobile telephone searched;

    i.    Data screens, files, or writing containing serial numbers or other information that identifies the mobile phone searched;

    j.    Voicemail;

    k.    Email;

    l.    User-entered messages (such as to-do lists);

    m.    Photographs;

    n.    Videos;

    o.    Audio files;

p.    And any others that contain:

  i.    lists of customers and related identifying information;

  ii.   types, numbers, and prices of firearms trafficked as well as dates, places, and amounts of specific transactions;

  iii.  any information related to sources of firearms (including names, addresses, phone numbers, or any other identifying information);

  iv.   any information recording OROZCO's schedule or travel from January 11, 2018, to May 9, 2018;

  v.    all bank records, checks, credit card bills, account information, and other financial records.

3.    Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.